T.C. Memo. 1996-478


UNITED STATES TAX COURT


ESTATE OF ANTONINO CAMPILONGO, DECEASED, RAFELINA MAGLIO,
EXECUTRIX, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6122-95.                    Filed October 23, 1996.


Stephen C. Ryan and Andrew H. Wilson, for petitioner.

Cynthia K. Hustad and Elaine L. Sierra, for respondent.


MEMORANDUM OPINION

JACOBS, Judge:   This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent contends that the petition was not filed within the 90-

day period prescribed by section 6213(a).[1]

Respondent determined a deficiency in petitioner's Federal estate tax of $108,648.89 and an addition to tax under section 6651(a) of $61,664.44. Antonino Campilongo died on January 29, 1990, while a resident of California. Rafelina Maglio, Antonino's sister, is the executrix of her brother's estate; she was a resident of California on the date the petition was filed. The statutory notice of deficiency was mailed to Rafelina Maglio, as executrix of the Estate of Antonino Campilongo, on January 19, 1995. The 90-day period provided by section 6213(a) for filing a petition with this Court expired on Wednesday, April 19, 1995, which was not a legal holiday in the District of Columbia.

The postage on the envelope containing the petition was made by private postage meter and is dated April 21, 1995. The petition was received by the Court's mailroom on April 24, 1995, and was filed on that date.

Petitioner acknowledges that the envelope in which the Court received the petition bears a legible postmark date which is outside the 90-day period prescribed by section 6213(a). But petitioner claims:

1) The petition was originally mailed on April 18, 1995, by certified mail, return receipt requested;

---

[1] All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

2)    an employee of petitioner's counsel's law firm affixed a postage meter label to the envelope in which the petition was placed; and

3)    the postage meter label affixed to the envelope containing the petition apparently became unattached in transit, causing the post office to return the envelope to petitioner's counsel's law firm on April 21, 1995, stamped "Returned for Postage".

Petitioner wishes to introduce extrinsic evidence to support its claims.  Respondent contends that extrinsic evidence may not properly be considered when it would contradict a legible postmark on the envelope containing the petition.

In general, to be timely, a petition for redetermination of a deficiency must be filed with this Court within 90 days after the notice of deficiency is mailed.  Sec. 6213(a). The Court lacks jurisdiction if the petition is untimely filed. Pietanza v. Commissioner, 92 T.C. 729, 735 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991).   If a petition is received after the 90-day period, it will be deemed filed on the date of the United States postmark stamped on the envelope if the requirements of section 7502 are satisfied.

Section 7502 does not apply unless a petition is timely deposited in the United States mail with sufficient postage prepaid.  Sec. 7502(a)(2); sec. 301.7502-1(c)(1)(ii), Proced. & Admin. Regs.  When a private postage meter is used, the postmark

date must be within the prescribed period for filing, and the document must be received by the addressee within the normal delivery period for an envelope postmarked by the United States Post Office at the same point of origin. Sec. 301.7502-1(c)(1)(iii)(B), Proced. & Admin. Regs. If a document is sent by certified mail and the sender's receipt is postmarked by a postal employee, the date on the receipt is treated as the postmark date of the document. Sec. 301.7502-1(c)(2), Proced. & Admin. Regs.

As previously stated, the requirements of section 7502 and the regulations must be satisfied in order to treat a petition as timely filed when it reaches this Court by mail after the period prescribed by section 6213(a). One of these requirements is that a private postage meter postmark must bear a legible date that is on or before the last date prescribed for filing the document. Sec. 301.7502-1(c)(1)(iii)(B), Proced. & Admin. Regs. In this case, the April 21, 1995, postmark on petitioner's envelope is beyond the required 90-day period for filing.

The envelope containing the petition must be timely mailed with sufficient postage prepaid. Sec. 7502(a)(2); sec. 301.7502-1(c)(1)(ii), Proced. & Admin. Regs. Although petitioner claims that this requirement was met, a U.S. Postal Service stamp on the envelope indicates that it was returned for postage. We shall not speculate about whether proper postage was affixed to the envelope when originally mailed, or whether any such postage became unattached before or after the envelope was deposited in the mail.

A second mailing of the petition bears a private postmeter date of April 21, 1995.

In _Wiese v Commissioner_, 70 T.C. 712 (1978), the taxpayer claimed that the date on a private postage meter was set incorrectly, resulting in an untimely postmark that was 1 day later than the actual date that the petition was mailed. The taxpayer therein attempted to introduce extrinsic evidence to support his claim. In declining to receive the taxpayer's proffer of extrinsic evidence, we stated:

> The general scheme of section 7502 and implementing regulations is designed to avoid testimony as to date of mailing in favor of tangible evidence in the form of an official Government notation. As such, when a legible Postal Service postmark appears on an envelope, no evidence that the petition was mailed on some other day will be allowed. _Shipley v. Commissioner_, 572 F.2d 212, 214 (9th Cir. 1977), affg. a Memorandum Opinion of this Court; _Sylvan v. Commissioner_, 65 T.C. 548, 552 (1975); sec. 301.7502-1(c)(1)(iii)(a), Proced. & Admin. Regs.
>
> Where non-Postal Service postmarks are used, the statute does permit extrinsic evidence other than the tangible evidence of the postmark. In such cases, the regulations require the timely private postage meter postmark date to be independently corroborated by facts beyond the taxpayer's control. * * * But the statute and regulations clearly contemplate presentation of such extrinsic evidence _only_ when the private postage meter postmark reflects a date on or before the 90th day after mailing the notice of deficiency.
>
>     *      *      *      *      *      *      *
>
> we believe our position maintains the obvious parity sought by Congress between private postage meter and Postal Service postmarks--that both be made on or before the 90th day. We noted that where a legible Postal Service postmark reflected a date after the 90th day, no evidence could be presented to contradict it. We see no reason why a taxpayer who has independent control over

> his postmark should fare any better, especially when the regulations require both postmarks to be made on or before the 90th day. * * *

Wiese v. Commissioner, supra at 714-715; see also Kahle v. Commissioner, 88 T.C. 1063 (1987) (petition postmarked on 91st day was untimely whether postmark made by private meter or U.S. Postal Service; postmark date conclusive and extrinsic evidence not admissible to contradict it).

In the instant case, the April 21, 1995, postmark on petitioner's envelope is conclusive. Petitioner's claimed prior attempt to mail the petition was unsuccessful and did not result in the filing of the petition. Evidence of such attempted mailing is inadmissible under Wiese and Kahle.

Petitioner relies on Sylvan v. Commissioner, 65 T.C. 548 (1975), in which we considered extrinsic evidence of the date of mailing when the Post Office failed to postmark the envelope containing taxpayer's petition. In that case, the envelope had sufficient postage. It reached the Court within the normal period following a timely mailing. The Court drew an analogy to cases where the postmark on the envelope is illegible. See sec. 301-7502-1(c)(iii)(A). In this case, petitioner's prior claimed mailing did not reach the Court and was returned for postage. Unlike Sylvan, the subsequent mailing bore a legible private postmeter date beyond the 90-day period for filing. Sylvan is therefore distinguishable on its facts.

Petitioner could have obtained a United States postmark on a

certified mail receipt, but did not do so. Such postmark is treated as the postmark date of the document, at least in cases where the envelope reaches its destination. See sec. 301.7502-1(c)(2) and (d), Proced. & Admin. Regs.

While we are sympathetic with petitioner's plight, because the petition was filed outside the 90-day period prescribed by section 6213(a), we lack jurisdiction to hear petitioner's case. Consequently, respondent's motion to dismiss for lack of jurisdiction will be granted. Petitioner, however, is not without a judicial remedy. Petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the refund claim is denied, sue for a refund in the appropriate Federal District Court or the United States Court of Federal Claims.

To reflect the foregoing,

<u>An order granting respondent's motion will be entered</u>.